Van Brunt, P. J.
The only question which it is necessary to consider upon this appeal, is as to the correctness of the ruling of the learned judge who tried the cause excluding the evidence of the alleged counter-claim of the defendant.
The action was brought upon a judgment rendered in favor of the plaintiff against the defendant on the 29th day of June, 1876, in the superior-court of the state of Massachusetts. The defendant set up as a counter-claim a contract entered into in the year 1873 between the plaintiff and defendant, whereby he remained in the plaintiff’s employment upon certain terms and conditions, and for certain compensation alleged; that on the 1st of February, 1875, without any fault on his part, the plaintiff terminated his relations with the defendant, and did not pay the defendant the promised compensation.
To this counter-claim a reply was put in.
Upon the trial the plaintiff offered in evidence the judgment roll upon which the action was brought.
This judgment roll showed that the action was brought for the balance found due to the plaintiff - from the defendant upon the statement of account between them on the 1st day of March, 1875, and in which account the defendant was allowed for commissions and services up to February 1, 1875, the date of his discharge, from the business of the plaintiff.
It is difficult to see why this judgment is nota bar to any claim which the defendant might have had against the plaintiff, based upon the relations existing between them prior to the 1st day of February, 1875. ■
The allegation in the declaration is that the balance due was the result of an accounting between plaintiff and defendant, and the account shows that the relations existing *611 prior to March 1, 1875, were the subject matter of the accounting, and that a balance was struck as between the parties as of that date.
Under this state of facts the defendant cannot now, in the face of that judgment,‘be heard to say that a greater amount was due him prior to March 1, 1875, because of the relations, theretofore, existing between him and the plaintiff.
The rights of the defendant, if any, arose out of the agreement which the account shows was one of the subject matters of the accounting, and the amount due thereunder to the defendant was therein fixed and defined.
It is immaterial whether the agreement is construed as a partnership or a mere contract of employment. Upon the accounting the defendant chose to allow the agreement to be construed upon the basis of a contract of employment; and it is too late now to claim that the contract was one of partnership.
The learned judge below was, therefore, right in excluding the evidence offered to support the counter-claim alleged.
As to the calculation of interest, no question was raised on the trial, and no error requiring correction was committed.
The judgment appealed from must be affirmed, with costs.
Daniels and Bartlett, JJ., concur.